UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY, GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY
COMPANY,

        Plaintiffs,

 -against-

JAMAICA AVENUE CHIROPRACTIC, P.C.,
MARK HEYLIGERS, D.C. and DAVID KRESHOVER, D.C.,

        Defendants.

------------------------------------X

Civil Action No.
1:16-cv-06981

**ANSWER**

  Defendants, Jamaica Avenue Chiropractic, P.C., Mark Heyligers, D.C. and David Kreshover, D.C., (collectively, the "Defendants") by and through their attorney Ruskin Moscou Faltischek, P.C., as and for their answer to the complaint, dated December 16, 2016 (the "Complaint") herein allege as follows:

  1.  The Defendants deny the allegations set forth in paragraph 1 of the Complaint.

  2.  The Defendants deny the allegations set forth in paragraph 2 of the Complaint.

  3.  The Defendants deny the allegations set forth in paragraph 3 of the Complaint.

  4.  The Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. The Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. The Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7. The Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8. The Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9. The Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. The Defendants admit the allegation set forth in paragraph 11 of the Complaint that Dr. Heyligers is a New York resident and a shareholder of Jamaica Avenue Chiropractic, P.C. The Defendants deny the remaining allegations set forth in paragraph 11 of the Complaint.

12. The Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. The Defendants admit the allegation set forth in paragraph 13 of the Complaint that Dr. Kreshover is a New York resident and a shareholder of Jamaica Avenue Chiropractic, P.C. The Defendants deny the remaining allegations set forth in paragraph 13 of the Complaint.

14. The Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. The Defendants admit Jamaica Avenue Chiropractic, P.C. is a professional corporation and deny all the remaining allegations set forth in paragraph 15 of the Complaint.

16. The allegations contained in paragraph 16 of the Complaint state a legal conclusion and therefore no response is required, and to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint state a legal conclusion and therefore no response is required, and to the extent that a response is required, Defendants admit the allegations set forth in paragraph 17 of the Complaint.

18. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 19 of the Complaint are denied.

20. Paragraph 20 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 20 of the Complaint are denied.

21. Paragraph 21 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the

allegations of fact set forth in paragraph 21 of the Complaint are denied.

22. Paragraph 22 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 22 of the Complaint are denied.

23. Paragraph 23 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 23 of the Complaint are denied.

24. Paragraph 24 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 24 of the Complaint are denied.

25. Paragraph 25 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 25 of the Complaint are denied.

26. Paragraph 26 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 26 of the Complaint are denied.

27. Paragraph 27 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 27 of the Complaint are denied.

28. Paragraph 28 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 28 of the Complaint are denied.

29. Paragraph 29 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 29 of the Complaint are denied.

30. Paragraph 30 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 30 of the Complaint are denied.

31. Paragraph 31 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 31 of the Complaint are denied.

32. Paragraph 32 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 32 of the Complaint are denied.

33. Paragraph 33 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 33 of the Complaint are denied.

34. Paragraph 34 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 34 of the Complaint are denied.

35. Paragraph 35 of the Complaint contains statements and/or conclusions of law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 35 of the Complaint are denied.

36. Paragraph 36 of the Complaint contains statements and/or conclusions of

law to which no response is necessary; to the extent a response is deemed necessary, the allegations of fact set forth in paragraph 36 of the Complaint are denied.

37. The Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. The Defendants admit that Jamaica Avenue Chiropractic, P.C. is a legitimately owned and operating chiropractic professional corporation and deny the remaining allegations set forth in paragraph 38 of the Complaint.

39. The Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. The Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. The Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. The Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. The Defendants admit the allegations set forth in paragraph 44 of the Complaint.

45. The Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. The Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. The Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. The Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53. The Defendants deny engaging in an illegal scheme and deny knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 53 of the Complaint.

54. The Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. The Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. The Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. The Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. The Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. The Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. The Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. The Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. The Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. The Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. The Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. The Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. The Defendants deny any relationship to the individuals or entities referred to in the indictment and deny knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 66 of the Complaint.

67. The Defendants deny any relationship to the individuals or entities referred to in the indictment and deny knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 67 of the Complaint.

68. The Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. The Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. The Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. The Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. The Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. The Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. The Defendants deny engaging in any fraudulent testing or billing protocols.

75. The Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. The Defendants admit that PfNCS tests are billed to GEICO as multiple charges under CPT code 95904, and otherwise deny the remaining allegations set forth in paragraph 76 of the Complaint.

77. The Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78. The Defendants admit the allegations set forth in paragraph 78 of the Complaint.

79. The Defendants admit the allegations set forth in paragraph 79 of the Complaint.

80. The Defendants admit the allegations set forth in paragraph 80 of the Complaint.

81. The Defendants admit the allegations set forth in paragraph 81 of the Complaint.

82. The Defendants admit the allegations set forth in paragraph 82 of the Complaint.

83. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint.

84. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

85. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 85 of the Complaint.

86. The Defendants deny the allegations set forth in paragraph 86 of the Complaint

87. The Defendants admit that PfNCS testing is used to evaluate the integrity and function of small pain A Delta fibers and deny the remaining allegations set forth in paragraph 87 of the Complaint.

88. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 88 of the Complaint.

89. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 89 of the Complaint.

90. The Defendants admit the allegations set forth in paragraph 90 of the Complaint.

91. The Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. The Defendants admit that PfNCS tests are performed by administering electrical current through specific skin sites to stimulate spinal nerves and deny the remaining allegations set forth in paragraph 92 of the Complaint.

93. The Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. The Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95. The Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96. The Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97. The Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98. The Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99. The Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100. The Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101. The Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102. With respect to the allegations contained in paragraph 102 of the Complaint, respectfully refer the Court to the American Medical Association's Physicians' Current Procedural Terminology handbook for its contents, and otherwise deny the remaining allegations contained in paragraph 102 of the Complaint.

103. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 103 of the Complaint.

104. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 104 of the Complaint.

105. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 105 of the Complaint.

106. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 106 of the Complaint.

107. The Defendants admit the allegation in paragraph 107 of the Complaint that Jamaica Avenue Chiropractic, P.C. provided PfNCS testing where medically indicated and necessary utilizing an Axon-II neural scan test and deny all other allegations set forth therein.

108. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 108 of the Complaint.

109. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 109 of the Complaint.

110. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 110 of the Complaint.

111. The Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112. The Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. With respect to the allegations set forth in paragraph 113 of the Complaint, Defendants admit legal and ethical obligations to act honestly and with integrity in connection with the submitted, or caused to be submitted, billing to GEICO.

114. The Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115. The Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116. The Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. The Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 118 of the Complaint.

119. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 119 of the Complaint.

120. The Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121. With respect to the allegations set forth in paragraph 121 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding the statutory and contractual obligations of GEICO, and otherwise deny the remaining allegations set forth therein.

122. The Defendants deny the allegations set forth in paragraph 122 of the Complaint.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

123. The Defendants repeat and reallege each of the prior allegations with the same force and effect as if fully set forth hereat.

124. The Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125. The Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126. The Defendants deny the allegations set forth in paragraph 126 of the Complaint.

127. The Defendants deny the allegations set forth in paragraph 127 of the Complaint.

128. The Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129. The Defendants deny the allegations set forth in paragraph 129 of the Complaint.

## AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION

130. The Defendants repeat and reallege each of the prior allegations with the same force and effect as if fully set forth hereat.

131. The Defendants deny the allegations set forth in paragraph 131 of the Complaint.

132. The Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133. The Defendants deny the allegations set forth in paragraph 133 of the Complaint.

134. The Defendants deny the allegations set forth in paragraph 134 of the Complaint.

135. The Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. The Defendants deny the allegations set forth in paragraph 136 of the Complaint.

**AS AND FOR A RESPONSE TO THIRD CAUSE OF ACTION**

137. The Defendants repeat and reallege each of the prior allegations with the same force and effect as if fully set forth hereat.

138. The Defendants deny the allegations set forth in paragraph 138 of the Complaint.

139. The Defendants deny the allegations set forth in paragraph 139 of the Complaint.

140. The Defendants deny the allegations set forth in paragraph 140 of the Complaint.

141. The Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142. The Defendants deny the allegations set forth in paragraph 142 of the Complaint.

**AS AND FOR A RESPONSE TO THE JURY DEMAND**

143. The allegations contained in paragraph 143 of the Complaint state Plaintiffs' demand for trial by jury and therefore no response is required, and to the extent
<$>

that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 143 of the Complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

144. The Recommend Policy of the American Association of Neuromuscular Electrodiagnostic Medicine ("the Policy") expresses no opinion about the diagnostic quality of PfNCS testing or that of any other form of neurodiagnostic testing.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

145. The Policy sets forth no treatment policies or diagnostic protocols. Rather the Policy contains guidelines or recommendations which may be used in developing and revising guidelines for reimbursement of electro diagnostic procedures

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

146. The Office of Medicare Hearings and Appeals held that PfNCS may be an objective measure of pain fiber function and, thus, reimbursable under appropriate circumstances.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

147. The Complaint fails to state a cognizable cause of action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

148. Plaintiffs' claims are barred for failure to properly serve Jamaica Avenue Chiropractic, P.C. with the Summons and Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

149. Plaintiff's remedies are limited herein to those set forth by those provided by New York Ins. Law §§ 5101 *et. seq* and the regulations promulgated pursuant thereto.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

150. The answering defendant acted in good-faith and in conformity of applicable law and regulation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

151. The actions alleged in support of Plaintiffs' claims were in full accord with applicable State and Federal law and regulation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

152. All or part of Plaintiffs' claims are barred by collateral estoppel and/or the doctrine of *res judicata*.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

153. All or part of Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

154. All or part of Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

155. The Plaintiffs' claims of fraud must be barred because Plaintiffs have failed to plead fraud with particularity.

**WHEREFORE**, Defendants Jamaica Avenue Chiropractic, P.C., Mark Heyligers, D.C. and David Kreshover, D.C., respectfully request judgment in their favor dismissing the Complaint with prejudice and awarding these answering defendants such other and further relief as this Court deems just, proper, and equitable.

Dated:  Uniondale, New York
January 9, 2017

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
Douglas M. Nadjari
Melissa Starcic
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600
Email: dnadjari@rmfpc.com
*Attorney for Defendants Jamaica Avenue Chiropractic, P.C., Mark Heyligers, D.C. and David Kreshover, D.C.*

TO:  RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
*Attorneys for Plaintiffs
Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company*

659772